Green, J.,
delivered the opinion of the court.
In this case, the indictment charges, that the defendant “sold” spirituous liquors on Sunday; and it is insisted, that it is no offence to sell spirituous liquors on Sunday, unless it be done by retail, in quantities less than a quart; and that as the indictment does not charge that the sale was by retail, it is bad; — and for this reason the judgment was arrested by the circuit court.
The second proviso to the third section of the act of 1846, ch. 90. is in these words: “Provided also, That nothing in this act shall be so construed as to authorise the “sale” of vinous or spiritous liquors on Sunday.”
By the first section of the act, persons are authorised to retail spirituous liquors, by paying a tax, and obtaining license. The third section provides, that the party obtaining license, shall take an oath that he will not “retail” to slaves, and the agent shall swear that he will not “sell” to slaves.
The proviso to the 16th section enacts, that nothing in this act shall be so construed as to prevent the sale of spirituous or vinous liquors by the quart or larger quantity, not to be drank on the premises.”
Before the act of 1846, ch. 90, there was no law prohibiting the sale of vinous or spirituous liquors by the quart or a larger quantity, not to be drunk on the plantation where sold. And as the act of 1838, ch. 159, only prohibits the “retailing” *415 spirituous liquors on Sunday, it is insisted that the proviso to the third section of the act of 1846, ought to be construed to prohibit “retailing” on Sunday, only. And that, as the indictment charges, that the defendant did unlawfully “vend and sell” on Sunday, — it is bad, and the judgment was properly arrested.
We think, the proviso to the third section of the act of 1846, is an implied prohibition of the sale of vinous or spirituous liquors on Sunday, without regard to the quantity sold.
It is true, before this act, there was no restriction upon the sale of a quart or larger quantity, not to be drunk on the place where sold; but that does not affect the meaning of the proviso to the third section.
In the 16th section, the legislature declare, that the act shall not be so construed as to prevent the sale of spirituous or vinous liquors by the quart, or larger quantity. But in the same act they say, that nothing in this act shall be so construed as to authorise such sale on Sunday.
Now, when, by a declaratory provision, the legislature enact, that a thing may be done, which before that time was lawful; and add a proviso, that nothing therein shall be so construed as to permit some matter, embraced in the general provision, to be done, this is an implied prohibition of such act, though, before that time, it was lawful.
The fact, that the authority to sell by the quart or a larger quantity, is in the 16th section, and the prohibition to sell on Sunday, is in the third, can make no difference. The whole act was before the legislature at the same time, and when the third section declares, that nothing in the act shall authorise a sale on Sunday, — the prohibition, applies to the 16th section, with as much force, as though this proviso had been subsequent to the 16th section.
The object of the legislature was to prevent the desecration of a day, which, by our law, is dedicated to the duties of reli *416 gion, by the sale of an article, the use of which, is calculated to produce the most shameless disregard of those duties. And certainly in this view, the question, whether a quart, or a less quantity were sold can make no difference.
2, It is said, the indictment charges, that the sale was made on the third day of December, 1850, and that said third day of December was not on Sunday. .
The day of the month is immaterial, the gist of the offence is, that the spirituous liquor was sold on Sunday, and whether the day of the month is correctly stated, is no more important in this, than in other offences.
Reverse the judgment, and judgment on the verdict.